IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ANTHONY LEROY DAVIS,**

               **Plaintiff,**

    v.                                            CASE NO. 11-3135-SAC

**UNITED STATES DISTRICT COURT,
DISTRICT OF KANSAS,**

               **Defendant.**

**O R D E R**

    Plaintiff, a prisoner incarcerated in a state correctional facility in Kansas, initiated this action with a pro se pleading titled as a "COMPLAINT ON AN ACCOUNT." The court dismissed the action without prejudice on November 1, 2011.

    Before the court is plaintiff's motion for reconsideration. The date on plaintiff's motion is November 7, 2011, and plaintiff certifies he submitted it to prison officials for mailing the same date. Plaintiff's motion is thereby considered as a timely filed motion to alter and amend the judgment entered in this matter. *See* Fed.R.Civ.P. 59(e).

    In the instant matter, the court dismissed the complaint without prejudice, based upon plaintiff's failure to prepay the $350.00 district court filing fee, and the court's finding that plaintiff made no showing to avoid the "3-strike" provision in 28 U.S.C. § 1915(g) that barred plaintiff from proceeding in forma pauperis in this civil action. In his motion for reconsideration, plaintiff reiterates his complaints about both the court's handling of the filing fees in his previous cases, and the court's counting of prior actions as "strikes" under § 1915(g). Plaintiff also

reasserts claims that the court's application of § 1915(g) violates his constitutional rights.

"Grounds warranting a motion to reconsider [under Rule 59(e)] include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir.2000). A party may not use a Rule 59(e) motion "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id*. Finding no showing that the court has misapprehended the facts, plaintiff's position, or the controlling law, the court denies plaintiff's motion.

IT IS THEREFORE ORDERED that plaintiff's motion for reconsideration (Doc. 11) is denied.

**IT IS SO ORDERED.**

DATED: This 8th day of February 2012 at Topeka, Kansas.

        s/ Sam A. Crow
    SAM A. CROW
    U.S. Senior District Judge