IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ANTHONY LEROY DAVIS,**

           **Plaintiff,**

    v.                                              CASE NO. 11-3135-SAC

**UNITED STATES DISTRICT COURT,
DISTRICT OF KANSAS,**

           **Defendant.**

## O R D E R

Plaintiff, a prisoner incarcerated in a state correctional facility in Kansas, initiated this action with a pro se pleading titled as a "COMPLAINT ON AN ACCOUNT." Plaintiff appeared to be seeking certification to the United States Attorney General pursuant to 28 U.S.C. § 2403, challenging the amounts owed and paid in filing fees for his previous actions and appeals in federal court, and/or challenging the constitutionality of the "3-strike" provision in 28 U.S.C. § 1915(g).

Plaintiff is a "3-strike" litigant subject to 28 U.S.C. § 1915(g). Finding no showing that plaintiff was subject to an imminent risk of serious physical injury, the court denied plaintiff leave to proceed in forma pauperis in district court, and dismissed the complaint without prejudice based upon plaintiff's failure to pay the $350.00 district court filing fee. Before the court is plaintiff's pro se document which the court liberally construes as plaintiff's motion for leave to proceed in forma pauperis on appeal.

Plaintiff broadly states in his motion that he is "under imminent danger of serious physical injury or death." To support this statement plaintiff cites the denial of his requests for

specific medications and tests, and his understanding that he may be in the process of being transferred from his current correctional facility "before compliance with the writ can be enforced." These general and speculative allegations are insufficient to satisfy the imminent harm exception to 28 U.S.C. § 1915(g). *See Strope v. Cummings*, 653 F.3d 1271, 1273 (10th Cir.2011)("specific, credible allegations of imminent danger" are necessary to avoid prepay requirement in § 1915(g))(*quoting Hafed v. Federal Bureau of Prisons*, 635 F.3d 1172, 1176 (10th Cir.2011)). Moreover, the complaint in this matter involved no allegation of being denied medical care, and no challenge to plaintiff's transfer to a different state facility, thus plaintiff's appeal does not encompass either of those issues. *See Pettus v. Morgenthau*, 554 F.3d 293, 297 (2nd Cir.2009)("there must be a nexus between the imminent danger a three-strikes prisoner alleges to obtain IFP status and the legal claims asserted in his complaint").

The court thus finds plaintiff has made no showing that satisfies the imminent harm exception in § 1915(g) for purposes of allowing plaintiff to proceed in forma pauperis in the present appeal.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis on appeal (Doc. 17) is denied.

**IT IS SO ORDERED.**

DATED:  This 7th day of March 2012 at Topeka, Kansas.

                                              s/ Sam A. Crow
                                              SAM A. CROW
                                              U.S. Senior District Judge